Michael D. Cok
Travis W. Kinzler
Jonathan M. Cok
COK KINZLER PLLP
35 North Bozeman Ave.
Bozeman, Montana 59715
Ph:    (800) 677-6263
mikecok@cokkinzlerlaw.com
tkinzler@cokkinzlerlaw.com
jcok@cokkinzlerlaw.com

Trent M. Gardner
Kyle W. Nelson
GOETZ, BALDWIN & GEDDES, P. C.
35 North Grand /P.O. Box 6580
Bozeman, Montana  59771-6580
Ph:    (406) 587-0618
tgardner@goetzlawfirm.com
knelson@goetzlawfirm.com

Richard J. Angell
J. Michael Bailey (*pro hac vice pending*)
PARSONS BEHLE & LATIMER
201 South Main Street, Ste. 1800
Salt Lake City, Utah 84111
Ph:    (801) 532-1234
rangell@parsonsbehle.com
mbailey@parsonsbehle.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA,
# GREAT FALLS DIVISION

| | |
|---|---|
| ZIMMERMAN, INC., DUN O'CONNOR, and FAITH M. O'CONNOR,<br><br>Plaintiffs,<br><br>v.<br><br>MURPHY EXPLORATION & PRODUCTION CO., a Delaware corporation, MURPHY OIL USA, INC., a Delaware corporation, MURPHY OIL CORPORATION, a Delaware corporation, | Case No. CV-20-68-GF-BMM-JTJ<br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

| SAMSON RESOURCES CORP., a Delaware corporation, SAMSON RESOURCES COMPANY, a Oklahoma corporation, and JOHN DOES 1–30, inclusive,<br><br>Defendants. | |
|---|---|

Plaintiffs Zimmerman, Inc., Dun O'Connor and Faith M. O'Connor, by and through their counsel of record, for their complaint against Defendants, state and allege as follows:

## INTRODUCTION

1.      This is an action for restoration damages. The Defendants have contaminated the Plaintiffs' properties in Roosevelt County, Montana with brine, crude oil and other oil production wastes. The contamination has migrated, and continues to migrate, from various sources onto the Plaintiffs' properties. The Defendants have known of both the causes and the effects of the contamination for decades but have failed to cleanup or otherwise restore the Plaintiffs' properties to their pre-contamination conditions even though a cleanup of the Plaintiffs' properties is feasible and reasonable under the circumstances.

## PARTIES

2.      Plaintiffs are all citizens and residents of Roosevelt County, Montana, with the exception of Plaintiff Zimmerman, Inc. Plaintiff Zimmerman, Inc. is a

Montana corporation with its principal office located in Sidney, Montana. Plaintiffs all own real property in Roosevelt County, Montana, and their real properties have been impacted and contaminated by Defendants' releases of petroleum products and oil production wastes. The Plaintiffs' real properties are more particularly described as:

**Plaintiff Zimmerman, Inc.**
Township 28 North, Range 51 East, Section 2, 10, Montana Principal Meridian.

**Plaintiffs' Dun and Faith O'Connor**
Township 28 North, Range 51 East, Section 9, Montana Principal Meridian.

The Plaintiffs' properties are contaminated on both the surface and sub-surface. The contamination includes brine (*i.e.* salt water from oil production), crude oil and petroleum constituents, and oil production wastes and by-products, all of which are toxic, hazardous, and abnormally dangerous materials (hereafter "Contamination"). The Contamination was caused by the Defendants' acts or omissions from their operations in the East Poplar Oilfield near the city of Poplar, Roosevelt County, Montana, including Defendants' wells for which surface casing depth was not extended past drinking water zones. The inadequate depth and cementation of surface casings failed to protect known zones of usable groundwater. The continued operation, improper management and deficient

plugging and closure of such wells resulting in Contamination of Plaintiffs' properties.

3.      Defendant Murphy Exploration & Production Company (Murphy) is a business entity incorporated pursuant to the laws of the state of Delaware, with its principal place of business in the state of Texas. On information and belief, Murphy is the successor in interest to Defendants Murphy Oil USA and Murphy Oil Corporation. Murphy does and did business in and around the East Poplar Oilfield and is responsible for the Contamination of Plaintiffs' properties in Roosevelt County, Montana.

4.      Defendant Murphy Oil USA, Inc. was a business entity incorporated pursuant to the laws of the state of Delaware, and which had its principal place of business in the state of Texas. On information and belief, Murphy Oil USA, Inc. is the predecessor in interest to Murphy. Murphy Oil USA, Inc. did business in and around the East Poplar Oilfield and is responsible for the Contamination of Plaintiffs' properties in Roosevelt County, Montana.

5.      Defendant Murphy Oil Corporation was a business entity incorporated pursuant to the laws of the state of Delaware, and which had its principal place of business in the state of Texas. On information and belief, Murphy Oil Corporation is the predecessor in interest to Murphy and Murphy Oil USA,

Inc. Murphy Oil Corporation did business in and around the East Poplar Oilfield and is responsible for the Contamination of Plaintiffs' properties in Roosevelt County, Montana.

6.      Defendant Samson Resources Corporation is a business entity incorporated pursuant to the laws of the state of Delaware, with its principal place of business in the state of Oklahoma. On information and belief, Samson is the successor in interest to Grace Petroleum Corporation and Defendant Samson Resources Company (who did business in and around the East Poplar Oilfield and are responsible for the Contamination of Plaintiffs' properties in Roosevelt County, Montana) and have assumed their liabilities.

7.      Defendant Samson Resources Company (Samson Resources) is or was a business entity incorporated pursuant to the law of the state of Oklahoma, with its principal place of business in the state of Oklahoma. Upon information and belief, Samson Resources does or did business in and around the East Poplar Oilfield and is responsible for the Contamination of Plaintiffs' properties in Roosevelt County, Montana.

8.      The true names and capacities of the Defendants named as John Does 1–30, inclusive, are unknown to Plaintiffs at this time. Plaintiffs have therefore brought this action against those Defendants by fictitious names. Plaintiffs will seek

leave to amend their complaint to state the true names and capacities of Defendant John Does 1–30 when they have been ascertained, together with further charging allegations, as appropriate. Plaintiffs are informed and believe, and thereby allege, that each of the fictitiously named Defendants may be legally responsible in some manner for the occurrences alleged in this Complaint and that Plaintiffs' damages may have been caused in part by the fictitiously named Defendants' unlawful acts or omissions.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship and on the grounds that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10.     This Court has personal jurisdiction over Defendants because Defendants do or did business in Montana and Plaintiffs' claims arise from Defendants' acts and omissions that occurred in and around Roosevelt County, Montana and the Defendants' acts or omissions impacted and contaminated Plaintiffs' real properties in Roosevelt County, Montana.

11.     Venue is proper in this division pursuant to 28 U.S.C. § 1391, Local Rule 3.2 of the Local Rules of Procedure of the United States District Court for the District of Montana, and Mont. Code Ann. § 25-2-122.

## FACTS AND GENERAL ALLEGATIONS

12.    The Plaintiffs own real property in, near and around the East Poplar Oilfield in Roosevelt County, Montana (as described above) and within the exterior boundaries of the Fort Peck Reservation (home to the Fort Peck Assiniboine and Sioux Tribes). The city of Poplar is about five miles southwest of the oilfield.

13.    In the early 1950s, the East Poplar Oilfield was discovered by Defendant Murphy Oil Corporation (the predecessor to Defendants Murphy Exploration & Production Company and Murphy Oil USA, Inc.). In the over half-century since its discovery, millions of barrels of crude oil, brine, and other oil production wastes have been produced, generated, released, and disposed of in the East Poplar Oilfield by Murphy, Samson, and others.

14.    Brine is a byproduct of oil and gas production. It consists of water from geologic formations, injection water, oil, and salts. Brine has a high concentration of salt and the ions of the salts negatively affect soil and vegetation, impairing the ability to produce crops and forage and the soils. Groundwater contaminated with brine is not potable. Produced brine includes hydrocarbon by-products and other organic chemical compounds, including benzene, total dissolved solids, and chloride—among others.

15.    Brine and other oil production wastes and by-products are disposed into pits and ponds or injected into subsurface geologic disposal units through injection wells.

16.    At all relevant times, the Defendants or their predecessors-in-interest owned and/or operated oil and gas production facilities, including oil or gas production wells, brine disposal wells, secondary recovery and injection wells, drilled and abandoned dry holes, production and waste pits, storage tanks, oil/water separators, and distribution pipelines and pumping facilities, in the East Poplar Oilfield located in Roosevelt County, Montana.

17.    At various times, Defendants have, in the area near and around the East Poplar Oilfield: (i) drilled oil wells; (ii) installed, operated and maintained oil pipelines; (iii) installed, operated and maintained tanks for the collection of oil and other fluids recovered from producing oil wells; (iv) operated plants designed to remove brine from produced oil; and (v) installed, operated and maintained pipelines to convey brine to salt water wells and inject the same into sub-surface strata. Alternatively, upon information and belief, some Defendants are the successors in interest to others who have engaged in such activities (and have assumed their liabilities).

18.    The Defendants Contaminated the groundwater in the East Poplar

Oilfield and the Poplar area alluvium and glacial till by disposing brine, crude oil

and other contaminants in the shallow aquifer through the use of unlined pits, from

various spills, and from leaks from improperly constructed, designed, plugged and

monitored wells and pipelines.

19.    The following photo shows a more recent disposal pit that is lined, but

for decades the Defendants' disposal pits were not lined:



20.    The contamination of the shallow aquifer under the East Poplar

Oilfield has migrated through the groundwater and has mixed with the

groundwater and soils under the Plaintiffs' real properties and Contaminated them

as well.

21.    The Contamination of the shallow aquifer under the East Poplar Oilfield has been the subject of extensive study and enforcement actions dating back to the late-1990s by various federal, state and tribal regulatory agencies, including the United States Geological Survey (USGS), United States Environmental Protection Agency (EPA), Montana Department of Natural Resources (DNRC), Montana Board of Oil and Gas Conservation (BOGC), and Fort Peck Office of Environmental Protection (OEP).

22.    The Defendants have been aware for decades of the studies characterizing and delineating the Contamination under the East Poplar Oilfield, including the Contamination under and on the Plaintiffs' properties. Since 1999, the EPA has issued several Emergency Administrative Orders and Administrative Orders on Consent against the Defendants because of Contamination of the shallow aquifer caused by their oil and gas production operations. These orders have, among other things, required the Defendants to provide safe drinking water to residents, plug and abandon leaking oil and injection wells, monitor private water wells, and report data and submit various reports to EPA regarding the Contamination under the East Poplar Oilfield.

23.    Despite their knowledge of the Contamination under the Plaintiffs' properties, the Defendants have failed to restore, remove or otherwise cleanup their Contamination.

24.    The Contamination released by the Defendants' operations has migrated from their production and operation sites, and continues to do so, forming underground plumes of Contamination under the East Poplar Oilfield and in and under the Plaintiffs' real properties—which is, and continues to be, a threat to the persons occupying and using those properties, including the Plaintiffs.

25.    The figure below is an excerpt from the USGS's most recent delineation of the brine contamination at the East Poplar Oilfield, highlighting the Contamination on the Plaintiffs' properties:



26.    The legend from the figure above (shown below) shows that the deep

purple outline denotes confirmed "considerably contaminated" groundwater:



27.    The Defendants, and each of them, knew of the extent of the brine,

crude oil and other oil production wastes and by-products Contaminating the

Plaintiffs' properties, and knew that their cleanup efforts—if any—were, and

continue to be, inadequate to reduce the risks and damage to the Plaintiffs' real

properties (as well as to others).

28.    Moreover, the Defendants, and each of them, knew of the hazards

associated with the migration of the brine and crude oil and other oil production

wastes and by-products, and failed to take reasonable steps to contain, cleanup and

restore the Contamination on the Plaintiffs' properties.

29.    The Defendants' conduct, acts and omissions, as set forth above and

below, is the legal cause of the Plaintiffs' damages and losses, including but not

limited to: (i) the need for, and cost of, investigation and restoration of their

properties; (ii) the loss of unfettered use and quiet enjoyment of their properties;

(iii) incidental and consequential costs; and (iv) inconvenience, annoyance and

discomfort.

## COUNT I: Nuisance

30.    Plaintiffs incorporate and reallege all the allegations contained in the

foregoing paragraphs as if fully set forth herein.

31.    Defendants' actions, as alleged above, constitute a nuisance under

Montana's statutory and common law.

32.    Plaintiffs have the right to the exclusive use and quiet enjoyment of

their properties.

33.    Defendants' ownership, control and management of their oil

production facilities and operations on or near the East Poplar Oilfield, and the

continuous release, movement, migration and presence of the Contamination

described above, constitutes a nuisance which contaminates and degrades the

Plaintiffs' properties.

34.    Defendants' nuisance is temporary. Defendants have the ability to

abate this nuisance but have maliciously failed and refused to do so.

35.    Defendants' conduct was and is a continuing nuisance.

36.     Unless and until the nuisance is abated, Plaintiffs' properties, and rights to the use and enjoyment of their properties, will be progressively further damaged and further jeopardized.

37.     The Defendants' continuing nuisance is a legal cause of the Plaintiffs' damages to their private properties.

38.     The Defendants are liable for all such damage and detriment caused by their nuisance.

## COUNT II: Trespass

39.     Plaintiffs incorporate and reallege all the allegations contained in the foregoing paragraphs as if fully set forth herein.

40.     At all relevant times, Plaintiffs owned and were in lawful possession of certain real and personal properties within the areas affected by the Contamination.

41.     The Defendants' release of the Contamination by way of soil, groundwater, and air; their intentional decision not to contain the pollution; and their decision to allow the pollution to naturally migrate to Plaintiffs' properties, constitutes a trespass to their properties as recognized by Montana common law.

42.     Defendants have the ability to abate this trespass but have maliciously failed and refused to do so.

43.     The Defendants' conduct was and is a continuing trespass.

44.    The Defendants' continuing wrongful trespass is a legal cause of the Plaintiffs' damage to their real and personal properties.

45.    The Defendants are liable for all such damage and detriment caused by their wrongful trespass.

## COUNT III: Negligence

46.    Plaintiffs incorporate and reallege all the allegations contained in the foregoing paragraphs as if fully set forth herein.

47.    Defendants owed Plaintiffs a duty to act with reasonable care so as not to jeopardize their properties, health, welfare, and right to a clean and healthful environment.

48.    Defendants breached their duty of reasonable care by carelessly and recklessly handling, storing, releasing, disposing of, and failing to control, contain, remove and restore the Contamination released from Defendants' facilities and operations in and around the East Poplar Oilfield, as alleged herein, resulting in the Contamination of the Plaintiffs' properties.

49.    The Defendants' negligence, in addition to that alleged above, includes:

    a.    the failure to use reasonable care in the management and/or
          operation of Defendants' facilities and operations in and around

of the East Poplar Oilfield by causing, allowing, or contributing to the release of the Contamination into, onto, and/or below Plaintiffs' properties;

b.    the failure to cease and/or shut down their operations to avoid continuing releases of the Contamination;

c.    the failure to promptly clean up and restore the releases of the Contamination on Plaintiffs' properties;

d.    the failure to adequately manage and monitor the East Poplar Oilfield to prevent the Contamination in the ground and from spreading into and under the Plaintiffs' properties;

e.    the failure to adequately warn Plaintiffs of the existence of past, present, and future Contamination and the health and human risks from the release of the Contamination;

f.    the failure to prevent the Contamination of soil and groundwater and the subsequent migration of the Contamination through the soil and groundwater to Plaintiffs' properties;

g.    the failure to take appropriate measures to prevent the spread of the Contamination;

h.   the failure to restore the Contamination in a timely and effective manner; and

i.   the failure to comply with applicable industry standards, internal safety rules, and federal, state and tribal safety laws, rules, regulations, and standards.

50.   The Defendants' breach of their duty of reasonable care is a legal cause of the Plaintiffs' damage to their real properties.

51.   The Defendants are liable for all such damage and detriment caused to the Plaintiffs' properties by Defendants' negligent acts or omissions.

## COUNT IV: Strict Liability

52.   Plaintiffs incorporate and reallege all the allegations contained in the foregoing paragraphs as if fully set forth herein.

53.   The storage, transportation, and release of large quantities of the Contamination, and the operation of the East Poplar Oilfield in an adjacent to the Plaintiffs' properties is an abnormally dangerous and ultra-hazardous activity as defined by the *Restatement (Second) of Torts*, §§ 519 and 520 and Montana's common law.

54.    By releasing large amounts of the Contamination, and then by failing to contain the it, the Defendants created, and still create, and unreasonably dangerous condition causing damage to the Plaintiffs and their real properties.

55.    The unreasonably dangerous condition created by the Defendants is a legal cause of the Plaintiffs' damage to their real properties for which the Defendants are strictly liable.

56.    Defendants are liable for all such damage and detriment to Plaintiffs' private properties.

## COUNT V: Wrongful Occupation

57.    Plaintiffs incorporate and reallege all the allegations contained in the foregoing paragraphs as if fully set forth herein.

58.    The Defendants' actions, as alleged above, constituted a wrongful occupation of the Plaintiffs' private properties in violation of Mont. Code Ann. § 27-1-318, and the Montana common law.

59.    The Defendants' continuing wrongful occupation is a legal cause of the Plaintiffs' damage to their private properties.

60.    The Defendants are liable for all such damage and detriment caused by their wrongful occupation.

## PUNITIVE DAMAGES

61.    At all relevant times, the Defendants had knowledge of the risk, hazards and dangers associated with their oil production operations, and that the Contamination caused by those operations contaminates the shallow aquifer under the Plaintiffs' real properties. The Defendants disposed of their oil production waste products with conscious disregard of the dangers it presented and concealed material facts regarding the extent of the Contamination they caused, and therefore acted with actual malice, actual fraud, or both, within the meaning of Mont. Code Ann. § 27-1-221, for which punitive damages must be assessed in an amount sufficient to make an example of their wrongdoing and deter the Defendants from similar wrongful conduct in the future.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.    For restoration damages so that the Contamination caused by the Defendants' acts is reasonably abated from Plaintiffs' properties;

2.    For equitable relief authorizing Plaintiffs to implement restoration of their properties;

3.     For damages for Plaintiffs' annoyance and discomfort over the loss and prospective loss of their ways of life;

4.     For damages to compensate Plaintiffs for costs incidental to the Contamination, such as analysis and testing costs to determine the nature and extent of the Contamination;

5.     For attorneys' fees and costs as may be allowable by law;

6.     For punitive damages pursuant to Mont. Code Ann. §§ 27-1-220 and -221 in an amount sufficient to punish Defendants and to encourage Defendants, and others similarly situated, to refrain from engaging in such malicious and oppressive conduct in the future; and

7.     For such other and further relief as the court deems just and proper.

DATED this 27th day of June, 2020.


By: */s/   Kyle W. Nelson*
        Michael D. Cok
        Travis W. Kinzler
        Jonathan M. Cok
        COK KINZLER PLLP

        Trent M. Gardner
        Kyle W. Nelson
        GOETZ, BALDWIN & GEDDES, P.C.

Richard J. Angell
J. Michael Bailey (*pro hac vice pending*)
PARSONS BEHLE & LATIMER

*Attorneys for Plaintiffs*