Michael D. Cok
Travis W. Kinzler
Jonathan M. Cok
COK KINZLER PLLP
35 North Bozeman Ave.
Bozeman, Montana 59715
Ph:    (800) 677-6263
mikecok@cokkinzlerlaw.com
tkinzler@cokkinzlerlaw.com
jcok@cokkinzlerlaw.com

Trent M. Gardner
Kyle W. Nelson
GOETZ, GEDDES & GARDNER, P.C.
35 North Grand Ave.
P.O. Box 6580
Bozeman, Montana 59771-6580
Ph:    (406) 587-0618
tgardner@goetzlawfirm.com
knelson@goetzlawfirm.com

Richard J. Angell
J. Michael Bailey (*pro hac vice*)
PARSONS BEHLE & LATIMER
201 South Main Street, Ste. 1800
Salt Lake City, Utah 84111
Ph:    (801) 532-1234
rangell@parsonsbehle.com
mbailey@parsonsbehle.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA,
## GREAT FALLS DIVISION

| | |
|---|---|
| ZIMMERMAN, INC., DUN O'CONNOR, and FAITH M. O'CONNOR,<br><br>Plaintiffs,<br><br>v.<br><br>MURPHY EXPLORATION & PRODUCTION CO., a Delaware corporation, MURPHY OIL USA, INC., a Delaware corporation, MURPHY OIL CORPORATION, a | Case No. CV-20-68-GF-BMM-JTJ<br><br><br>**UNOPPOSED MOTION FOR APPROVAL OF THE DIVISION OF EPU-I QUALIFIED SETTLEMENT FUND TRUST** |

| | |
|---|---|
| Delaware corporation, SAMSON RESOURCES CORP., a Delaware corporation, SAMSON RESOURCES COMPANY, a Oklahoma corporation, and JOHN DOES 1–30, inclusive,<br><br>       Defendants. | |
| MURPHY EXPLORATION & PRODUCTION CO., MURPHY OIL, USA, INC., and MURPHY OIL CORPORATION,<br><br>       Third-Party Plaintiffs,<br><br>       v.<br><br>BALLARD PETROLEUM HOLDINGS, LLC, a Montana limited liability company, POPLAR RESOURCES LLC, a Montana limited liability company, W.R. GRACE & CO., a Connecticut Corporation, GRACE PETROLEUM CORPORATION, a Delaware Corporation, SAMSON RESOURCES CORPORATION, a Delaware Corporation, SAMSON RESOURCES COMPANY, an Oklahoma Corporation, SAMSON RESOURCES II, LLC, a Delaware LLC, and JAMES DOES 1-20 Inclusive,<br><br>       Third-Party Defendants. | |

## **INTRODUCTION**

Plaintiffs Zimmerman Inc. ("**Zimmerman**") and Dun and Faith O'Connor (collectively, "**O'Connor**," and with Zimmerman, the "**Plaintiffs**"), by and through their counsel, Parsons Behle & Latimer, Cok Kinzler and Goetz, Geddes & Gardner, file this motion for an order from this Court approving the division of the EPU-I Qualified Settlement Fund Trust (the "**Trust**").

On September 5, 2023, the Court entered an order (Dkt. 107) approving of the Trust to administer proceeds associated with this case under Section 468B of the Internal Revenue Code (the "**Code**") and appointing Ross Richardson as the trustee of the Trust. Pursuant to Section 7.2(b) of the trust agreement, *see* Dkt. 105-1, EPU-I Qualified Settlement Fund Trust ("**Trust Agreement**"), Plaintiffs now ask the Court to ratify the division of the Trust and recognize two separate Qualified Settlement Fund Trusts: the "Zimmerman EPU-I Qualified Settlement Fund Trust" and the "O'Connor EPU-I Settlement Fund Trust." This request is made pursuant to the Exercise of Power to Divide Trust (the "**Exercise**"), attached hereto and incorporated herein as <u>Exhibit A</u>.

Defendants Murphy Exploration & Production Co., Murphy Oil USA, Inc., and Murphy Oil Corporation (collectively, "**Murphy Defendants**") do not oppose this motion. A proposed Order is submitted herewith.

## BACKGROUND

The Trust was established on September 5, 2023, after the Court approved the Trust and recognized it as a Qualified Settlement Fund in connection with a settlement resolving certain claims that originated in the above-captioned case (the "**Settlement Agreement**") between the Plaintiffs and SGH Enterprises, LLC f/k/a SGH Enterprises, Inc. f/k/a Samson Hydrocarbons Company, f/k/a Grace Petroleum Company (collectively, "**Samson**", and with the Plaintiffs, the "**Parties**"). Pursuant to the Settlement Agreement, the Parties mutually agreed to the establishment of the Trust to provide a framework to pool funds received from Samson for the restoration of the Plaintiffs' property with funds that may be recovered from defendants in this case.

The Trust Agreement permits the Trustee to divide the Trust into separate Qualified Settlement Fund Trusts for the benefit of Zimmerman and O'Connor (the "**Separate QSFs**"). Specifically, Section 7.2(b) of the Trust Agreement provides that "[i]f additional Corpus is transferred to the Trust after the conclusion of the Case, the Truste shall:"

> To the extent practical, divide and hold the Corpus as two separate trusts with each a Trust for purposes of this Trust Agreement known as the "Zimmerman EPU-I Qualified Settlement Fund Trust" and the "O'Connor EPU-I Qualified Settlement Fund Trust" (collectively, the "Separate Trusts") with the primary purpose of each

4

> Separate Trust being the restoration of the Zimmerman Property and O'Connor Property, respectively. Any Initial Corpus shall be divided between the Separate Trusts in the Sharing Ratio connected with the Property of the corresponding Plaintiff from which the recovery originated[.]

The Sharing Ratio is further defined in Section 7.1 of the Trust Agreement as distributing the initial corpus "to Zimmerman and O'Connor, 11/12 to Zimmerman and 1/12 to O'Connor."

Pursuant to Treasury Regulation Section 1.468B-1(c), to qualify as a Qualified Settlement Fund, the Separate QSFs must be "approved" by a governmental authority, including any court of law. Accordingly, Plaintiffs ask that the Court approve the division of the Trust into separate Qualified Settlement Fund Trusts for the benefit of Zimmerman and O'Connor pursuant to Section 7.2(b) of the Trust Agreement.

The Parties further petition this Court to agree to take continuing jurisdiction over each Separate QSF and their management for as long as they exist. Pursuant to the Trust Agreement, the Trustee has agreed to remain subject to the continuing jurisdiction of this Court.

The approval of the division of the Trust into two separate Qualified Settlement Funds for the benefit of Zimmerman and O'Connor, and this Court's agreement to exercise continuing jurisdiction over those Trusts, will serve the

interests of the Parties by aiding the efficient resolution of the Plaintiffs' claims and restoration of Plaintiffs' properties.

DATED this 11th day of February 2025.

By: */s/ Trent M. Gardner*

Michael D. Cok
Travis W. Kinzler
Jonathan M. Cok
COK KINZLER PLLP

Trent M. Gardner
Kyle W. Nelson
GOETZ, GEDDES & GARDNER, P.C.

Richard J. Angell
J. Michael Bailey (*pro hac vice*)
PARSONS BEHLE & LATIMER

Attorneys for Plaintiffs